## COURT OF CHANCERY, MAY TERM, 1797.

### CAMPBELL *et al. vs.* DIGGES *et al.*

BILL filed the 7th of March 1794, by *John Campbell,* and *C. C,* and others, the creditors of *William* and *George Digges,* against the executors of *George Digges,* who was the executor of *William Digges,* and against the eldest son and widow of the said *George Digges,* stating, that the said *William Digges,* being seised in fee of an estate in lands in Charles county, called *Charles-Town,* and also of a valuable landed estate in Prince George's county, on the 17th of July 1780, by his last will and testament duly made and executed, devised the same in *fee tail* to his son the said *George Digges,* and constituted the said *George* his executor, who caused the said will to be proved, and accepted of the trust. That the said *William Digges,* at the time of his death, was indebted to the complainants *C. C.* and others, in large sums of money, &c. That in order to pay his debts, the said *William Digges* devised, " that his executor should keep together his whole real and personal estate for three years, (and after the maintenance of his daughters in the usual manner) the surplus profits were to be applied in discharge of his just debts, and *exonerated his personal estate therefrom,* and gave it in equal proportions to his four daughters, and his son *George;* and in case his son *George did not pay off* and discharge his just debts *by the profits* of the said three years, then *he charged* the real estate devised to his son in tail, with the payment of all his just debts," which real estate consisted of the lands herein before mentioned, and none other. That the said *George,* after the death of his father, entered on the said lands, and was seised thereof, and also took into his possession the whole of his father's personal estate, and kept the same for three years pursuant to the will, but did

not pay off and discharge the testator's debts, whereby the lands devised to him became charged with the same, under and in virtue of the said will. That the profits of the real and personal estate of the deceased were utterly incompetent to discharge his debts in three years; that 66,696lbs. of tobacco was made in the three years on the said estate so devised, which was not sufficient to keep down the interest, and annually discharge one-fifth of the principal sum due; that little or no wheat was made, and no corn disposed of, from the necessary consumption of a large stock and numerous family of negroes. That the said *George Digges*, knowing the estate devised to him was wholly subject to the payment of his father's debts under the will aforesaid, and being anxious to discharge the same, on the 31st of October, 1788, entered into articles of agreement with the complainant, *John Campbell*, for the sale of the land called *Charles-Town*, in Charles county; in consequence of which the said *Campbell* was put in possession, and afterwards paid to the said *George* the sum of 1334*l.* 6*s.* 7*d.* current money, in part of the purchase money of the said land. That the said *George Digges* afterwards died without having conveyed the said land to the said *Campbell*, and not having paid off to the said C. C. and others, the whole amount of their debts, and not being seised of any lands, except under the will aforesaid, and leaving an only son, W. D. D, an infant of very tender years, on whom the said lands devolved under the will aforesaid, and charged with and subject to the payment of the debts aforesaid. That the said *George*, by his last will, appointed N. Y. and others, his executors, &c. That the personal estate of the said *George*, so far from being adequate to the discharge of his own and his father's debts, will scarcely (if at all) discharge his individual debts, which amount to a large sum; and his own and his father's debts cannot be paid and discharged without a sale of the real estate so as aforesaid charged with them; and to effect which, the agreement for the sale of *Charles-Town* to the said *Campbell* was entered into, and on which a large sum hath been paid, and the said *Campbell* is ready, according to the agreement, to pay the balance, to be applied to the creditors of the said *William Digges*, on having a title to the said land secured to him. That the said *George* left a widow, C. D. who hath a life estate in the said land, subject to the charge of the father's debts; and as the complainants are remediless in the premises without the aid of this court, where equitable contracts will be decreed, and where to prevent circuity of action the creditors of *William Digges* may have relief in the first instance

against his lands charged with their debts, instead of exhausting *George Digges'* personal estate, and leaving his individual creditors to stand in their place by substitution, and to prevent great expense and delay; and that the complainants may have such full and ample relief in the premises as their cases may deserve, and is agreeable to equity and justice, &c.

After the defendants filed their answers, the following agreement was entered into on the 10th of May, 1797, by the parties, and their solicitors and guardian, admitting certain facts as a foundation whereon the chancellor, if he thinks proper, is to decree.

1. The deceased *George Digges* agreed to sell to *John Campbell* a tract of land commonly called *Charles-Town*, in Charles county, containing 620 acres 3 roods and 3 poles, at 6*l.* per acre, amounting to 3724*l.* 12*s.* 3*d.* to be paid with interest from January 1, 1789. The said purchase money was to be paid by instalments, the last of which to be on December 25, 1797.

2. The said *John Campbell* made several payments to the said *George Digges*, leaving on the 5th of April, 1790, a balance of 2640*l.* 19*s.* 8*d.* which, with interest thereon to the said 25th of December next, will be 3864*l.* 12*s.* 9*d.*

3. The money paid as aforesaid to *George Digges* was by him applied towards the discharge of the debts of his father *William Digges.*

4. At the time of making the contract the price stipulated to be paid for the land was fair and reasonable on both sides.

That if the chancellor shall think proper he may by decree direct the defendant C. D. to release to the said *John Campbell* her right of dower in the said land, on his paying the balance of the purchase money; and that one-eighth part of the whole principal of the purchase money, with interest thereon from the 15th of November 1792, when her husband died, shall be paid to her as compensation for such release.

That the statements filed by the defendants are true, accurate and just, and that all the money therein mentioned to be assumed or paid by *George Digges*, was originally due from *William Digges.*

HANSON, Chancellor, (May term, 1797,) decreed as follows, viz. The said cause being submitted, the bill, answers, exhibits, agreements, and all other proceedings, were by the chancellor read and considered.

This is an extraordinary case—It is not that of an application for a sale made by the creditors of a deceased person, whose real estate has descended or been devised to an infant. If it could be considered as such,

the chancellor could not decree a sale; because it does not appear that the personal estate left by *William Digges* has been exhausted in, or is insufficient for, the payment of his debts. Nor is the case that of an application for the specific performance of a contract made by a tenant in fee simple.

The meaning of *William Digges'* will appears to be this: His son *George* was to take the whole real estate; and the whole personal estate, undiminished by payment of his debts, was to be divided amongst his children at the end of three years after his decease. The said *George* was to be burthened with all his debts, and that he might be enabled to pay them, he was to possess the personal estate, and use it with the land during the three years. If the profits of the whole estate during that time should be adequate to the purpose, the whole land should belong to *George Digges*, as tenant in tail. If the profits should be inadequate, the deficiency should be supplied from the lands, and only the land remaining after payment of debts was to be considered as intailed. And to carry the testator's intent fully into effect, the chancellor conceives, that if the profits of the three years should not be applied, the debts were then to be charged on the lands. It is certain that this will could not oblige *William Digges'* creditors to wait the term of three years, or prevent them from having immediate recourse to the personal estate. But supposing them willing to coincide with the views of the testator, it is equally certain that they could not in any manner resort to the real estate until the expiration of the term. Whether or not after the term *they* were entitled *by the will* to a sale of the real estate under a decree of this court, in exoneration of the personal estate, is perhaps a question of some difficulty. But there can be little doubt, that the sisters of *George Digges* were entitled to the aid of this court to have an equivalent from a sale of the real estate, in case they had been deprived of their shares of the personal estate, or of any part thereof, on account of the debts.

Although the complainants do not apply for a sale, and the sisters are not amongst the complainants, it is of consequence to consider what ought to be the result of such an application. The chancellor conceives it to be a principle essential to the ends of justice, that, if what this court would have decreed, on proper application, has been done without its authority, and there is no method of doing justice without ratifying what is done, matters ought to be placed on the same footing as if the authority preceded the act. Now it appears from the proceedings, that *George Digges* did not, in the

course of his three years use of the estate, receive pro-
fits sufficient to discharge even one-third of his father's
debts; that what he did receive was not applied to the
discharge of his father's debts; that conceiving himself
authorised to sell a part of the real estate for that pur-
pose, he contracted with the complainant, *John Camp-
bell*, for the sale of the tract of land called *Charles-
Town*, put him in possession thereof, and received from
him about 1300*l*. which he actually applied towards the
discharge of those debts; and it is admitted by all con-
cerned, that the price stipulated was fair and adequate.
If the contract had not been made, the said land, or
any other part of the estate, might on proper applicati-
on to this court be decreed to be sold for the payment
of those debts. Taking then for granted what may be
doubted, that *George Digges* was not authorised to make
the contract, the defendant would not be benefited by
this court's refusing to confirm the contract; and by
confirming it, justice may at once be done to all parties,
and much trouble and expense saved. It is thereupon,
this 16th day of May, 1797, by A. C. HANSON, Chancel-
lor, and by the authority of this court, adjudged, or-
dered and decreed, that in case the complainant, *John
Campbell*, shall on the 25th of December next, bring
into this court, to be applied under the chancellor's di-
rection as hereafter mentioned, the sum of 3864*l*. 12*s*. 9*d*.
which is the sum that will be on that day due on his con-
tract; or in case the said *Campbell*, at any time before
the said 25th of December, shall bring into this court,
to be so applied, the sum of 2640*l*. 19*s*. 8*d*. with inte-
rest from the 5th of April, 1790, *Robert Brent*, the guar-
dian of the defendant W. D. D, shall, as guardian and
in behalf of the said defendant, by a good deed, to be
acknowledged and recorded agreeably to law, give, grant,
&c. to the said *John Campbell*, and his heirs, the tract
of land commonly called *Charles-Town*, in Cobneck,
Charles county, and all the right, title, interest and es-
tate therein and thereto, which was in *William Digges*
deceased, and which by him hath been devised, or from
him hath descended; and the said *John Campbell*, his
heirs and assigns, shall thereupon be entitled to hold
the said land free, clear, and discharged from all claim
of the defendant, claiming by, from, or under the said
*William Digges* or the said *George Digges*, deceased.
And on the said *John Campbell* bringing in money as
aforesaid, the defendant C. D. shall by a like deed, con-
vey and release to him, his heirs and assigns, her right
of dower in the said land. And if the said *John Camp-
bell* shall bring into this court the principal and interest
due on his contract as aforesaid, there shall be paid to

the said *C. D.* thereout the sum of 465*l.* 11*s.* 6*d.* which is one-eighth part of the whole purchase, together with interest on the said sum until the time of the said *Campbell's* bringing in the said money. And the residue of the money brought in shall be applied, under the chancellor's direction, to the payment of the costs of this suit, and of the debts due from the said *William Digges* at the time of his death, and still remaining unpaid; and if any surplus shall remain it shall be subject to the future order of the chancellor.